## Miller's Estate.    McKay's Appeal.

*Decedent's Estate—Declarations to charge legatee.*

Where a legatee is sought to be charged with a sum of money in her hands alleged to be the property of the decedent, and the only evidence to support the claim is a declaration of the legatee herself that she had received the money from the decedent before his death as a gift, the whole of the declaration must be taken as true, in the absence of evidence to the contrary. Those who are seeking to charge the legatee cannot ask the court to believe that the money is in her possession, and at the same time to disregard her statement that it was received as a gift.

In such a case the possession of the money at the date of the decedent's death being in the legatee, the presumption that she owned it would follow.

Argued Oct. 18, 1892.    Appeal, No. 136, Oct. T., 1892, by John A. McKay et al., legatees, from decree of O. C. Washington Co., May T., 1891, No. 81, confirming report of auditor in estate of William Miller, deceased.    Before STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Exceptions to report of auditor appointed to distribute estate of William Miller, deceased.

Before the auditor, appellants claimed that Isabel Sumney (now Gilmore), a niece of testator, should be charged with the sum of $2,000, money of the decedent alleged to be in her hands. The only evidence to support the claim was a declaration made by Mrs. Gilmore to Mrs. Sanders. Mrs. Sanders, in her testimony, stated the conversation as follows : " She told me that Mr. Miller gave her some money for herself, I think on the Friday before ; that he told her to take it from its hiding place where he kept it and put it away for herself. She also said that if he got well, she was to give it back to him. I think what she said was that if he should die, it was to be hers. She stated how much it was, and I saw four packages of $500 each. . . . Before she went up-stairs to get it, she said there was $2,150. When she came down she said there was not as much as she thought by $50. Before she went up she said there was $150 in gold ; when she came down she said there was only $100. I did not see the gold ; only saw the four packages marked $500 each. She said he gave it to her for her own, and told her to put it away for herself. She told me, almost the first thing, that if he got well she was to hand it back to him. . . . Mr. Miller died on Monday morning following.

The claimants also averred and introduced evidence tending to show that decedent was mentally incapable of making a valid gift at the time referred to in Mrs. Gilmore's declaration.

The auditor found that the fund in dispute was a valid gift from the decedent to Mrs. Gilmore. Exceptions to the auditor's report alleging that the auditor erred (1) in not charging Mrs. Gilmore with $2,000 ; (2) in his finding that decedent was mentally capable to make a gift and in his finding the fact of a gift, and (3) in allowing Mrs. Gilmore to share in the estate, were dismissed, the court filing the following opinion :

" The exceptants, John A. McKay and others, by their attorney John L. Gow, Esq., in the distribution of the estate of Wm. Miller, deceased, seek to have deducted from the legacy bequeathed to Isabel Sumney, (now Mrs. Gilmore,) the sum of $2,000. In our opinion the evidence is insufficient to establish the claim set up by the exceptants as a set-off against the legacy of the legatee. There is not a particle of evidence that at

the date of Wm. Miller's death, Isabel Sumney owed him a cent or had in her possession any of his money, except her own admission to Mrs. Sanders, and that admission shows that the money which she received from Mr. Miller in his lifetime was a gift. The exceptants' whole case rests on the declaration of Mrs. Gilmore to Mrs. Sanders, and to make out their case, of this declaration, they ask the court to believe that part which is favorable, and to disbelieve that part which is unfavorable to them. They ask us to believe her when she says that she got the money from Mr. Miller, but to disbelieve her when she says that he told her when he gave her the money that she was to keep it—that it was to belong to her if he died.

" But even granting that we have the fact admitted—but nothing more—that on the Friday before Mr. Miller died Isabel Sumney received from him $2,000, which she deposited in bank in her own name where it was when he died, it does not follow that the money belonged to the estate of Wm. Miller; on the contrary the possession of the money at the date of his death being in Mrs. Gilmore, the presumption that she owned it would follow. And the only way the exceptants can expect to succeed in establishing their claim, is to have the court not only disbelieve Mrs. Gilmore's declaration that the money was a gift, but to believe without evidence that her possession of it was fraudulent if not felonious. That is, that she took the money surreptitiously or feloniously and voluntarily told Mrs. Sanders a fabricated story for the purpose of covering up her theft. Fraud, and much less a crime, is never presumed."

*Errors assigned* were (1–3) dismissal of exceptions, quoting them.

*John L. Gow*, *H. M. Dougan* with him, for appellant.—All of the parties were fully competent witnesses: McCabe's Est., 6 Pa. C. C. R. 42; Bowen v. Goranflo, 73 Pa. 357; Frew v. Clark, 80 Pa. 170.

While the whole of a declaration or admission is to be taken together: Kean v. Ellmaker, 7 S. & R. 5; McCulloch v. McKee, 16 Pa. 294; Gr. Ev. § 201; it does not follow that every part is to have equal credit.

The policy of the law is against gifts mortis causa: Wells v. Tucker, 3 Binney, 366; Headly v. Kirby, 18 Pa. 329; Hills v

Hills, 8 M. & W. 403; Nichola v. Adams, 2 Wh. 17; Rhodes v. Childs, 64 Pa. 18; and clear and unmistakable proofs are required to sustain them: Hatch v. Atkinson, 56 Maine, 324; s. c. 96 Am. Dec. 464. The declarations of a party in his own behalf are not evidence: 1 Gr. Ev. § 201; Clever v. Hillberry, 116 Pa. 438.

The facts are not disputed and the deductions to be drawn from them are the result of reasoning; and the Supreme Court is as competent to judge as the auditor and court below: Phillips' Ap., 68 Pa. 138; Hindman's Ap., 85 Pa. 470; Gaines v. Brockenhoff, 136 Pa. 195; Milligan's Ap., 97 Pa. 525.

*M. C. Acheson, R. W. Irwin* and *N. E. Clark,* not heard, for appellee.—It is true that the admission that Miller gave her that money was, by inference, an admission that the money formerly belonged to Miller; but the whole of her admission must be taken together and neither a jury nor an auditor would be warranted in disregarding that part that was favorable to her unless there were circumstances in the case which discredited or cast suspicion upon it: Newman v. Bradly, 1 Dall. 240; Farrell v. McClea, 1 Dall. 392; Hamshire v. Kline, 57 Pa. 397; 9 Am. & Eng. Enc. L. 355. See also Milligan's Ap., 97 Pa. 525.

The facts found by an auditor are conclusive, unless clear mistake, misconduct, or manifest error be shown: Beddell's Ap., 87 Pa. 510; Roddy's Ap., 99 Pa. 10; Logue's Ap., 104 Pa. 136; McConnell's Ap., 97 Pa. 31; McCarty's Ap., 14 Atl. R. 352.

PER CURIAM, October 31, 1892.

For reasons given in the opinion of the learned president of the orphans' court, dismissing exceptions to the auditor's report and confirming the same, the decree in this case is affirmed and appeal dismissed with costs to be paid by the appellants.